IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY, <br><br>      Plaintiff, <br><br> v. <br><br> NVR, INC. d/b/a RYAN HOMES; JONES CONSTRUCTION SERVICES OF THE CAROLINAS, LLC, <br><br>      Defendants. | Civil Action File No.:   4:25-cv-12968-SAL |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW WEST BEND INSURANCE COMPANY ("West Bend"), Plaintiff in the above-styled action, and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, files its Complaint for Declaratory Judgment, showing this Honorable Court as follows:

## **PARTIES**

### 1.

West Bend is a corporation organized and existing under the laws of the state of Wisconsin with its principal place of business in Wisconsin. West Bend is qualified to transact business in the state of South Carolina but is not a citizen or domiciliary of South Carolina.

2.

Defendant NVR, Inc. d/b/a Ryan Homes (hereinafter "Ryan Homes") is a construction company incorporated and existing under the laws of the State of Virginia with its principal place of business in the State of Virginia. Ryan Homes was the developer and general contractor of the townhome condominium community at issue and performed the development, construction, repairs, and modifications at the project at issue. Ryan Homes' registration on file with the South Carolina Secretary of State reflects that its registered agent for service of process, Corporation Service Company, is located at 508 Meeting Street, West Columbia, South Carolina 29169.

3.

Defendant Jones Construction Services of the Carolinas, LLC ("JCS") is a limited liability company organized under the laws of the state of North Carolina who was engaged in the building, construction, and/or repair of the townhome condominiums and buildings at issue and installed the siding and trim on and/or to the townhome condominiums and buildings located in the project at issue. JCS's registration on file with the South Carolina Secretary of State reflects that its registered agent for service of process, Barry Russell Jones, is located at 4888 Killian Crossing Drive, Denver, North Carolina 28037. Upon information and belief, Barry Russell Jones, Brian Christopher Jones, and William Charles Jones III are the only

members and they are citizens of and domiciled in North Carolina.

## JURISDICTION AND VENUE

4.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.

This Court may exercise personal jurisdiction over all of the Defendants because they are located or otherwise present in South Carolina and regularly transact business in this state.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

7.

This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between West Bend and Defendants.

8.

A controversy of a judicial nature presently exists among the parties that demands a declaration by this Court so that West Bend may have its rights and duties under the relevant contract of insurance determined and whether a defense is owed by West Bend to Defendants.

9.

Each Defendant named herein has been joined in compliance with case law requiring that insurers seeking a declaratory judgment bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## FACTS AND UNDERLYING LAWSUIT

10.

On January 31, 2025, Forest Pines filed a complaint in the Circuit Court for the Fifteenth Judicial Circuit, County of Horry against Ryan Homes, JCS, among others, and that complaint was amended several times with the most recent amended complaint being filed on April 18, 2025 ("Underlying Lawsuit"). *See* Amended Complaint attached hereto as **Exhibit A**.

11.

The Underlying Lawsuit alleges defects in the construction and development of the Forest Pines townhome condominium project located in Horry County, South Carolina. *See* **Ex. A** *generally*.

12.

Specifically, the Underlying Lawsuit alleges, among other things, that JCS and Ryan Homes were contracted to install siding and trim on the townhome buildings at the Forest Pines project and that JCS and Ryan Homes were responsible for performing this work in compliance with applicable building codes, industry standards, and proper installation protocols. *See* **Ex. A**, ¶¶ 20-23, 26, 28.

13.

The Underlying Lawsuit further alleges, among other things, that JCS and Ryan Homes committed gross negligence, carelessness, recklessness, willfulness, and wantonness in both the construction and repair of the subject buildings. *Id.*

14.

The Underlying Lawsuit seeks damages related to water intrusion; the necessity to expend significant funds on investigation, remediation, and reconstruction; and, loss of use, diminished property value, and impairment of habitability of the townhome units. *See* **Ex. A**, Relief Requested at pp. 24-25.

15.

Moreover, the Underlying Lawsuit seeks actual, incidental, consequential, special, and punitive damages, along with attorney's fees and costs. *Id.*

16.

Ryan Homes and JCS entered into a Master Vendor Agreement ("MVA") dated March 5, 2024. *See* MVA attached hereto as **Exhibit B**.

17.

Although the MVA bears the date of March 5, 2024, the MVA was not executed by JCS until March 11, 2024, and JCS completed its work on the project at or near the same time. *See* **Ex. B**, pp. 1, 28.

## THE CGL POLICY

18.

West Bend issued a commercial general liability insurance policy, policy number B902351-00, to JCS, with an effective policy period of January 5, 2025 through January 5, 2026 ("CGL Policy"). A true and accurate copy of the CGL Policy is attached hereto as **Exhibit C**. Defendants JCS and Ryan Homes both seek a defense and indemnity under the CGL Policy for the claims asserted against them in the Underlying Lawsuit. West Bend has issued a reservation of rights letter to JCS and Ryan Homes and is currently defending them against the Underlying Lawsuit

subject to the reservations of rights. True and accurate copies of the reservation of rights letters are attached hereto as **Exhibit D**.

19.

Questions exist as to whether the CGL Policy issued by West Bend affords any coverage for the claims and damages upon which the Underlying Lawsuit is based and whether West Bend has any duty to defend JCS and/or Ryan Homes against the Underlying Lawsuit.

20.

In pertinent part, the CGL Policy provides:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

[…]

**b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period;

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

[…]

**2. Exclusions**

This insurance does not apply to:

[…]

**j. Damage To Property**
"Property damage" to:

[…]

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage"
**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

[…]

**l. Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
    **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

[…]

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[…]

**17.** "Property damage" means:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

> [...]

**21.** "Your product":
    **a.** Means:
> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
> > **(a)** You;
> > **(b)** Others trading under your name; or
> > **(c)** A person or organization whose business or assets you have acquired; and

> **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
> **(2)** The providing of or failure to provide warnings or instructions.

**22.** "Your work":
    **a.** Means:

> **(1)** Work or operations performed by you or on your behalf; and
> **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:
> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your

work"; and
**(2)** The providing of or failure to provide
warnings or instructions.

[…]

**A. WHO IS AN INSURED (Section II)** is amended
to include as an additional insured any person or
organization whom you are required to add as an
additional insured on this policy under a written
contract or written agreement.

The written contract or written agreement must
be:
      **1.** Currently in effect or becoming effective during
the term of this policy; and
      **2.** Signed by all parties to the written contract or
written agreement prior to the "bodily injury,"
"property damage," "personal injury and advertising
injury."

*See* **Ex. C**, pp. 7-8, 10-11, 19, 21-22, 44.

## THE UMBRELLA POLICY

21.

West Bend issued a commercial liability umbrella policy, policy number

B902351-00, to JCS, with an effective policy period of January 5, 2025 through

January 5, 2026 ("Umbrella Policy"). A true and accurate copy of the Umbrella

Policy is attached hereto as **Exhibit E**. Defendant JCS and Ryan Homes both seek a

defense and indemnity under the Umbrella Policy for the claims asserted against

them in the Underlying Lawsuit. West Bend has issued a reservation of rights letter

to JCS and Ryan Homes and is currently defending them against the Underlying

Lawsuit subject to the reservations of rights. *See* **Ex. D**.

22.

Questions exist as to whether the Umbrella Policy issued by West Bend affords any coverage for the claims and damages upon which the Underlying Lawsuit is based and whether West Bend has any duty to defend JCS and/or Ryan Homes against the Underlying Lawsuit.

23.

In pertinent part, the Umbrella Policy provides:

**b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
> **(3)** Prior to the policy period, no insured listed under Paragraph **1.a.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during

or after the policy period will be deemed to have been known prior to the policy period.

**d.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.a.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**e.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.a.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

> **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
> **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
> **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

[…]

**2. Exclusions**

This insurance does not apply to:

[…]

**m. Damage To Property**
"Property damage" to:

[…]

> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if

the "property damage" arises out of those
operations; or

**(6)** That particular part of any property that
must be restored, repaired or replaced
because "your work" was incorrectly
performed on it.

[…]

**o. Damage To Your Work**
"Property damage" to "your work" arising out of
it or any part of it and included in the "products completed
operations hazard".

[…]

**p. Damage To Impaired Property Or Property
Not Physically Injured**
"Property damage" to "impaired property" or
property that has not been physically injured,
arising out of:
> **(1)** A defect, deficiency, inadequacy or
> dangerous condition in "your product" or
> "your work"; or
> **(2)** A delay or failure by you or anyone acting
> on your behalf to perform a contract or
> agreement in accordance with its terms.

[…]

**13.** "Occurrence" means an accident, including
continuous or repeated exposure to substantially
the same general harmful conditions.

[…]

**18.** "Property damage" means:

> **a.** Physical injury to tangible property, including
> all resulting loss of use of that property. All
> such loss of use shall be deemed to occur at
> the time of the physical injury that caused it; or
> **b.** Loss of use of tangible property that is not
> physically injured. All such loss of use shall be
> deemed to occur at the time of the
> "occurrence" that caused it.

[…]

**28.** "Your work":

**a.** Means:

> **(1)** Work or operations performed by you or on your behalf; and
> **(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
> **(2)** The providing of or failure to provide warnings or instructions.

*See* **Ex. E**, pp. 8-9, 11-12, 23-25.

## MASTER VENDOR AGREEMENT

### 24.

JCS and Ryan Homes entered into a Master Vendor Agreement ("MVA") dated March 5, 2024 with provisions regarding additional insurance coverage; however, the MVA was not signed by JCS until March 11, 2024. *See* **Ex. B,** pp.1, 28.

## COUNT I

### 25.

West Bend hereby realleges and incorporates paragraphs 1 through 24 of this Complaint as if set forth fully herein.

26.

The CGL Policy and Umbrella Policy only apply to "property damage" that occurs "during the policy period."

27.

The CGL Policy and Umbrella Policy had an effective term of January 5, 2025 to January 5, 2026.

28.

The Underlying Lawsuit alleges that the "property damage" occurred outside of the effective policy period.

29.

Because the claimed property damage occurred outside of the effective policy period of the CGL Policy and the Umbrella Policy, West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

30.

West Bend is therefore entitled to a declaratory judgment that it has no duty to defend JCS or Ryan Homes in connection with the Underlying Lawsuit.

## COUNT II

31.

West Bend hereby realleges and incorporates paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32.

The CGL Policy and Umbrella Policy only apply to "property damage" which "occurs during the policy period and was not, prior to the policy period, known to have occurred by an insured…"

33.

The CGL Policy and Umbrella Policy had an effective term of January 5, 2025 to January 5, 2026.

34.

The Underlying Lawsuit alleges that repairs to the property were made by JCS and Ryan Homes prior to January 5, 2025; therefore, JCS and Ryan Homes knew that property damage had occurred prior to the policy period.

35.

Because repairs to the property were made by JCS and Ryan Homes prior to January 5, 2025, and JCS and Ryan Homes therefore knew that property damage had occurred prior to the policy period of the CGL Policy and Umbrella Policy, West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

36.

West Bend is therefore entitled to a declaratory judgment that it has no duty to defend in connection with the Underlying Lawsuit.

## COUNT III

37.

West Bend hereby realleges and incorporates paragraphs 1 through 36 of this Complaint as if set forth fully herein.

38.

The CGL Policy and Umbrella Policy issued by West Bend only provide coverage, if at all, for "property damage" caused by an "occurrence" as those terms are defined under the CGL Policy and Umbrella Policy.

39.

The Underlying Lawsuit does not allege any "property damage" other than defective work by JCS and Ryan Homes.

40.

Such alleged defective work by JCS and Ryan Homes, is not caused by an "occurrence" as defined by the CGL Policy and Umbrella Policy as "[a]n accident, including continuous or repeated exposure to substantially the same general harmful conditions."

41.

West Bend has no obligation to provide a defense to the Underlying Lawsuit regarding JCS or Ryan Homes for damages that do not constitute an "occurrence."

42.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes are afforded no coverage under the CGL Policy and/or Umbrella Policy for any damages sought in the Underlying Lawsuit because those damages do not constitute an "occurrence" and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

## **COUNT IV**

43.

West Bend hereby realleges and incorporates paragraphs 1 through 42 of this Complaint as if set forth fully herein.

44.

The CGL Policy and Umbrella Policy issued by West Bend only provide coverage for "property damage" as those terms are defined under the CGL Policy and Umbrella Policy.

45.

The Underlying Lawsuit does not allege any "property damage" other than defective work by JCS and Ryan Homes.

46.

Such alleged defective work by JCS and Ryan Homes, is not caused by an "property damage" as defined by the CGL Policy and Umbrella Policy as "a.

[p]hysical damage to tangible property, including all resulting loss of use of that property" and "b. [l]oss of use of tangible property that is not physically injured" as "property damage" does not include costs to repair defective work.

47.

West Bend has no obligation to provide a defense to the Underlying Lawsuit regarding JCS or Ryan Homes for damages that do not constitute "property damage."

48.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes are afforded no coverage under the CGL Policy and/or Umbrella Policy for any damages sought in the Underlying Lawsuit because those damages do not constitute "property damage" and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

## **COUNT V**

49.

West Bend hereby realleges and incorporates paragraphs 1-48 of this Complaint as if set forth full herein verbatim.

50.

The CGL Policy and Umbrella Policy exclude '"property damage" to "your work" arising out of it or any part of it…'

51.

The damages sought against JCS and Ryan Homes in the Underlying Lawsuit arise out of JCS's and Ryan Home's work in defectively installing siding, trim, exterior wall systems, roof systems, related flashing, and related weatherproofing arise out of JCS's and Ryan Homes' work.

52.

West Bend has no duty to defend or indemnify JCS and/or Ryan Homes against the claims set forth in the Underlying Lawsuit because the damages sought constitute "property damage" arising out "your work" as defined by the CGL Policy and the Umbrella Policy.

53.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes are afforded no coverage under the CGL Policy or the Umbrella Policy for damages because of "property damage" arising out of "your work", and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

## **COUNT VI**

54.

West Bend hereby realleges and incorporates paragraphs 1-53 of this Complaint as if set forth full herein verbatim.

55.

The CGL Policy and Umbrella Policy exclude "'property damage" to "that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations…"

56.

The damages sought against JCS and Ryan Homes in the Underlying Lawsuit arise out of JCS's and Ryan Home's work in defectively installing siding, trim, exterior wall systems, roof systems, related flashing, and related weatherproofing.

57.

West Bend has no duty to defend or indemnify JCS and/or Ryan Homes against the claims set forth in the Underlying Lawsuit because the damages sought constitute "property damage" to "that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations…"

58.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes are afforded no coverage under the CGL Policy or the Umbrella Policy for damages because of "property damage" to "that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf

are performing operations…", and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

59.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes is afforded no coverage under the CGL Policy or the Umbrella Policy for damages because of "property damage" to real property on which the insured, or contractors or subcontractors working directly or indirectly on any insured's behalf, were performing operations, and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

## **COUNT VII**

60.

West Bend hereby realleges and incorporates paragraphs 1-59 of this Complaint as if set forth full herein verbatim.

61.

The CGL Policy and Umbrella Policy exclude "property damage" to that particular part of the property that must be restored, repaired, or replaced because any insured's work was incorrectly performed on it.

62.

The damages sought against JCS and Ryan Homes in the Underlying Lawsuit constitute "property damage" to property that must be restored, repaired, or replaced

because of JCS' and Ryan Homes' defective installing of siding, trim, exterior wall systems, roof systems, related flashing, and related weatherproofing.

63.

West Bend has no duty to defend JCS or Ryna Homes against the claims asserted in the Underlying Lawsuit because the damages sought constitute "property damage" to property that must be restored, repaired, or replaced because of the defective installing of siding, trim, exterior wall systems, roof systems, related flashing, and related weatherproofing.

64.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes are afforded no coverage under the CGL Policy or the Umbrella Policy for damages to property because the JCS' and Ryan Homes' work was defectively performed, and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

## **COUNT VIII**

65.

West Bend hereby realleges and incorporates paragraphs 1-64 of this Complaint as if set forth full herein verbatim.

66.

The CGL Policy and the Umbrella Policy exclude "property damage" to "impaired property" or property that has not been physically injured arising out of an insured's defective product or associated work or arising out of an insured's delay or failure to perform a contract in accordance with its terms.

67.

The damages sought against JCS and Ryan Homes in the Underlying Lawsuit constitute "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy, or dangerous condition in the defective installing of siding, trim, exterior wall systems, roof systems, related flashing, and related weatherproofing and/or arising out of the delay or failure to perform a contract in accordance with its terms.

68.

West Bend has no duty to defend JCS or Ryan Homes against the claims set forth in the Underlying Lawsuit because the damages sought constitute "property damage" to "impaired property" or property that has not been physically injured arising out of defective installing of siding, trim, exterior wall systems, roof systems, related flashing, and related weatherproofing and/or arising out of a delay or failure to perform a contract in accordance with its terms.

69.

West Bend is entitled to a judgment declaring that JCS and Ryan Homes are afforded no coverage under the CGL Policy and the Umbrella Policy for any "property damage" to "impaired property" or property that has not been physically injured arising from any defective product or work or arising from the delay or failure to perform a contract in accordance with its terms, and therefore West Bend has no duty to defend JCS or Ryan Homes against the Underlying Lawsuit.

**COUNT IX**

70.

West Bend hereby realleges and incorporates paragraphs 1-69 of this Complaint as if set forth full herein verbatim.

71.

The CGL Policy only provides additional insured coverage if the written contract or agreement is "[c]urrently in effect or becoming effective during the term of [the CGL Policy]" and "[s]igned by all parties to the written contract or written agreement prior to the… 'property damage'…"

72.

The MVA between JCS and Ryan Homes is dated March 5, 2024; however, the MVA was not executed by JCS until March 11, 2024, and JCS completed its work on the project at issue at or near the same time.

73.

Ryan Homes only qualifies as an additional insured if the MVA was signed by all parties before the claimed "property damage" occurred.

74.

Moreover, the Umbrella Policy adopts the terms, definitions, and insured status of the underlying CGL policy unless stated otherwise. As such, Ryan Homes would be considered an insured under the Umbrella Policy only if it qualifies as an insured under the underlying CGL coverage, which it does not.

75.

West Bend has no duty to defend Ryan Homes as an additional insured under the CGL Policy or the Umbrella Policy because the MVA was not signed by all parties prior to the claimed "property damage" occurring.

76.

West Bend is entitled to a judgment declaring that Ryan Homes is afforded no coverage under the CGL Policy or the Umbrella Policy because the written contract or agreement, i.e. the MVA, was not signed by all parties prior to any "property damage" occurring, and, therefore, West Bend has no duty to defend Ryan Homes as an Additional Insured against the Underlying Lawsuit.

**WHEREFORE**, West Bend prays that this Court enter a judgment finding that it has no duty to defend JCS or Ryan Homes against the claims asserted in the Lawsuit; that this Court bind each and every named party herein by said judgment; that West Bend be awarded costs in this action; and for such further relief as this Court may deem just and appropriate.

This 8th day of October, 2025.

Respectfully submitted,

HULL BARRETT, P.C.

*s/ Paul K. Simons, Jr.*
Paul K. Simons, Jr.
SC Bar No.: 76883
SC District Court No.: 10562
*Attorney for Plaintiff*
111 Park Avenue, S.W.
Aiken, SC 29801
Telephone:   (803) 648-4213
Facsimile:    (803) 648-2601
psimons@hullbarrett.com

Of Counsel:

Michael C. Kendall
Georgia Bar No. 414030
Michael C. Kendall, II
Georgia Bar No. 510402
KENDALL LEGAL, LLC
3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113

mike@kendall-legal.com
michael@kendall-legal.com