IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| West Bend Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>NVR, Inc. d/b/a Ryan Homes; Jones Construction Services of the Carolinas, LLC,<br><br>Defendants. | ) | Case No. 4:25-cv-12968-SAC<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion to Dismiss filed by Plaintiff West Bend Insurance Company ("West Bend"), seeking to dismiss Defendant Jones Construction Services of the Carolinas, LLC's ("JCS") Counterclaim. ECF No. 14. JCS has not filed a response and the time to do so has lapsed. This motion is accordingly ripe for review. For the reasons stated below, the Court GRANTS in part and DENIES in part West Bend's Motion to Dismiss.

## BACKGROUND

West Bend filed the instant declaratory judgment action, seeking a declaration of the parties' rights and obligations under a commercial general liability insurance policy and commercial liability umbrella insurance policy (collectively, the "Policies"). *See generally* ECF No 1. West Bend seeks a declaration as to whether it must defend and indemnify JCS and Defendant NVR, Inc. d/b/a Ryan Homes with respect to a lawsuit pending against the Defendants for alleged construction defects in a condominium project (the "Underlying Lawsuit"). *Id.* JCS asserted seven counterclaims against West Bend regarding the Policies and whether West Bend properly advised JCS what insurance would be sufficient to cover its needs. ECF No. 12.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state only "a

plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In other words, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation modified); *see also* Rule 8(a)(2). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

**ANALYSIS**

In its Motion to Dismiss, West Bend advances several grounds for why each counterclaim fails. As an initial matter, West Bend posits it has fulfilled its duties and, without having any judgment rendered against it, JCS has not been damaged. ECF No. 14-1 at 5. However, JCS pleads that it has been damaged because of West Bend's "failure to respond and/or refusal to defend and indemnify" it in the Underlying Lawsuit. ECF No. 12 ¶ 139. Whether West Bend's duty to defend has, in fact, been triggered or breached is a question of fact not properly resolved by the Court on a motion to dismiss. Because the Court must accept JCS's well-pleaded allegations as true, *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir. 1994), the Court accepts JCS's allegation that West Bend has failed to respond and/or refused to defend and indemnify JCS. *See Butler v. U.S.*, 702 F.3d 749, 752 (4th Cir. 2012). ECF No. 14-1. The Court will address arguments as to each counterclaim in turn.

## I. Negligence Counterclaim

JCS's negligence counterclaim alleges West Bend contracted to and represent it would provide coverage that would conform to industry standards and fully protect against foreseeable losses but failed to do so. ECF No. 12 ¶¶ 93-99. West Bend contends the counterclaim fails under Rule 8 because JCS does not allege who at West Bend communicated with JCS, what advice was given, what coverage limits were discussed, or how West Bend agreed to guarantee coverage for all losses. ECF No. 14-1 at 7. West Bend's argument, however, imposes a pleading standard exceeding that which is required by Rule 8. Under Rule 8, "[S]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (2007) (citation modified).

West Bend next contends the negligence counterclaim also fails because South Carolina does not recognize a generalized duty owed by an insurer to advise an insured and JCS has not alleged facts showing West Bend expressly or impliedly understood to recommend adequate liability limits or coverage. ECF No. 14-1 at 6-7.

Generally, an insurer and its agents owe no duty to advise an insured, but if the insurer, nevertheless, undertakes to advise the insured, a duty may be imposed and he must exercise due care in giving advice. *See Houck v. State Farm Fire & Cas. Ins.*, 620 S.E.2d 326, 329 (S.C. 2005). An insurer may assume a duty to advise an insured in one of two ways: (1) he may expressly undertake to advise the insured; or (2) he may impliedly undertake to advise the insured. *See Trotter v. State Farm Mut. Auto. Ins.*, 377 S.E.2d 343, 347 (S.C. Ct. App. 1988). JCS alleges that "it contracted with [West Bend] to procure and advise on insurance policies" and that West Bend "owed [JCS] a duty to exercise the level of care, skill, and diligence ordinarily exercised by insurance professionals." ECF No. 12 ¶¶ 93, 97. *Id.* ¶ 99. Accordingly, the Court finds JCS

adequately plead JCS undertook a duty and, therefore, West Bend's Motion as to this claim is DENIED.

**II. Breach of Contract Counterclaims**

JCS's second and sixth counterclaims assert causes of action for breach of contract. ECF No. 12 ¶¶ 100-03, 128-34. In its second counterclaim, JCS alleges that "by virtue of the insurance provided to [West Bend], and the clear request and need for a policy covering any damages, deficiencies, or destruction of its work, [West Bend] breached their insurance contract with [JCS]." ECF No. 12 ¶ 100. In its sixth counterclaim, JCS alleges that West Bend "breached their contract with [JCS] and has unjustifiably failed to identify, investigate, or produce the coverage as was promised." *Id.* ¶ 123. The crux of West Bend's argument for dismissing both counterclaims is the same: JCS fails to identify the specific contract provisions West Bend supposedly breached.[1] ECF No. 14-1 at 8. The Court, however, finds JCS adequately plead the breach of contract counterclaims.

To plead a cause of action for breach of contract, a party must allege the existence of the contract, its breach, and the damages caused by such breach. *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (citing *Fuller v. E. Fire & Cas. Ins.*, 124 S.E.2d 602, 610 (S.C. 1962)). Although JCS does not plead the exact contract provisions West Bend purportedly breached, it need not do so at this stage. In both of its causes of action, JCS alleges valid contracts existed; West Bend breached the contracts by either failing to provide coverage for damages, deficiencies, or destruction of JCS's work, or failing to indemnify JCS as promised; and

[1] West Bend also asserts that the breach of contract counterclaims are duplicative of each other. However, as far as the Court can tell, the counterclaims regard different contracts and set forth different factual contentions. *Compare* ¶¶ 100-03 alleging breach of the Policies *with* ¶¶ 128-34 alleging West Bend breached its contract to advise on sufficient insurance coverage.

damages proximately resulting. ECF No. 12 ¶¶ 100-01, 130-33. This is sufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face"); *see also Coxe v. Gov't Pers. Mut. Life Ins.*, No. 3:23-CV-389-SAL, 2023 WL 11885972, at *3 (D.S.C. Aug. 17, 2023) ("Although the complaint does not identify a particular provision in the policy that was breached, it adequately alleges that there was a contract and that [defendant] breached the contract by failing to pay the proceeds of the insurance policy upon the insured's death."); *Gandecha v. Metro. Prop. & Cas. Ins.*, No. 5:13-CV-688-F, 2014 WL 4243797, at *3 (E.D.N.C. Aug. 26, 2014) (finding that although a specific policy provision was not cited in the complaint, storm damage was a covered peril under the policy and the insurer breached by failing to make sufficient payment to cover the storm damage). JCS's breach of contract counterclaims against West Bend thus survives and West Bend's Motion is DENIED as to these claims.

### III. Bad Faith Refusal to Pay Insurance Counterclaim

JCS's third counterclaim asserts a claim for bad faith refusal to pay insurance. The elements of a cause of action for bad faith refusal to pay first party benefits under a contract of insurance are: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; and (4) causing damage to the insured. *Pitts v. Jackson Nat. Life Ins.*, 574 S.E.2d 502, 513 (S.C. Ct. App. 2002) (citing *Cock–N–Bull Steak House, Inc. v. Generali Ins.*, 466 S.E.2d 727, 730 (S.C. 1996)).

There appears to be no dispute that a mutually binding insurance contract exists between West Bend and JCS; the only dispute is whether JCS has otherwise alleged facts to plead a bad

faith claim. ECF No. 14-1 at 9. The Court finds it has. JCS alleges that West Bend denied JCS's benefits due under the Policy and that JCS acted in bad faith by: (1) failing to "make an adequate investigation before withholding benefits under the policy"; (2) refusing to "give reasonable interpretations to the provisions in the policy or. . . reasonable application of such provisions to [JCS's] claim"; (3) acting "to protect [its] own financial interest therein, at the expense of [JCS's] rights"; (4) failing to provide JCS with any "reasonable" or "justifiable basis for denying [JCS's] claim in relation to the insurance policy"; (5) refusing to "pay benefits due"; and (6) compelling JCS to "engage legal counsel to initiate litigation to recover such benefits and defend itself." ECF No. 12 ¶ 106. JCS also pleads that West Bend's refusal has directly and proximately resulted in JCS sustaining substantial compensable loss, including the withheld benefits, certain consequential damages, attorney's fees, and costs. *Id.* ¶¶ 106-07.

Based on the foregoing, the Court finds the counterclaim states sufficient factual information that is plausible on its face to support a cause of action for bad faith refusal to pay. And West Bend's insistence on more particular allegations concerning its investigation, the policy provisions, and the basis for its position demands more than that which Rule 8 requires. *See Twombly*, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"); *see also Coxe*, 2023 WL 11885972, at *7 (finding plaintiff did not need to plead specific policy provisions allegedly breached to make out a claim for bad faith refusal to pay). Accordingly, the Court DENIES West Bend's Motion as to this claim.

**IV. Negligent Misrepresentation Counterclaim**

JCS's fourth counterclaim asserts a claim for negligent misrepresentation, alleging West Bend falsely represented to it that the Policies were sufficient to cover JCS's needs. ECF No. 12 ¶¶ 110-24. West Bend initially argues that the negligent misrepresentation counterclaim should

be dismissed because it does not contain the requisite specificity under Rule 9(b) of the Federal Rules of Civil Procedure. ECF No. 14-1 at 11. The Court rejects this argument.

Rule 9(b) does not apply to negligent misrepresentation claims under South Carolina law.[2] *See Stegelin v. Pac. Life Co.*, 592 F. Supp. 3d 474, 485 (D.S.C. 2022) (concluding "the heightened pleading standard embodied in Rule 9(b) does not apply to a negligent misrepresentation claim under South Carolina law") (relying on *Baltimore Cnty. v. Cigna Healthcare*, 238 F. App'x 914, 921 (4th Cir. 2007)); *see also ThrivePoint Med. Lab'ys, LLC v. Westminster Presbyterian Ctr. Inc.*, No. 3:23-CV-4052-JFA, 2024 WL 7000124, at *6, n. 10 (D.S.C. Feb. 9, 2024).

The Court also rejects West Bend's contention that JCS's negligence misrepresentation claim is not actionable because JCS failed to plead a present or pre-existing fact. ECF No. 14-1 at 12. The pleadings, construed in the light most favorable to JCS, do not appear to base the claim on representations concerning future events. Rather, the Court understands JCS's counterclaim to allege West Bend falsely represented that the policy acquired was "sufficient to meet [JCS's] insurance needs" as requested at that time. ECF No. 12 ¶ 111. Thus, the Court DENIES the Motion as to that claim.

---

[2] JCS's fourth counterclaim uses the words "fraud" and "fraudulent," however, the counterclaim is titled "Negligent Misrepresentation," and the allegations are consistent with a claim for negligent misrepresentation. *See* ECF No. 12 ¶¶ 110-24. West Bend's Motion also seemingly concedes that JCS pleads a claim for negligent misrepresentation. ECF No. 14-1 at 11-12. In the Court's view, a Rule 12(b)(6) motion should be granted only in very limited circumstances. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). The Fourth Circuit has also held "that a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969) (citation omitted).

**V. South Carolina Unfair Trade Practices Act Counterclaim**

JCS's fifth counterclaim asserts a cause of action for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") for inducing JCS to use its services and purchase its products through false advertising, representations, and contractual documents. ECF No. 12 ¶¶ 125-27. However, SCUTPA expressly exempts claims for unfair trade practices regarding insurance. *See* S.C. Code § 39-5-40(c); *Trs. of Grace Reformed Episcopal Church v. Charleston Ins.*, 868 F. Supp. 128, 130-31 (D.S.C. 1994) ("[A]ll unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 et seq., and are exempt from the coverage of SCUTPA."). As other courts in this District have explained,

> Chapter 57 clearly is intended to define and regulate all unfair trade practices in the business of insurance. SCUTPA, through § 39-5-40(c), provides a clear exemption for the practices covered by Chapter 57. Therefore, all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 et seq., and are exempt from the coverage of SCUTPA.

*Id.* at 130–31; *see, e.g.*, *Hill v. Canal Ins.*, No. 7:12-330-TMC, 2012 WL 3135402, at *3 (D.S.C. Aug. 1, 2012) ("Insurance providers are separately regulated under South Carolina law and are not subject to the SCUTPA."). Accordingly, West Bend's Motion is GRANTED and JCS's SCUTPA counterclaim is dismissed with prejudice.

**VI. Declaratory Judgment Counterclaim**

JCS's seventh counterclaim asserts a claim for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. ECF No. 12 ¶¶ 135-49. West Bend argues the counterclaim should be dismissed because it is redundant and would "rise or fall with the Court's resolution of West Bend's declaratory judgment claims." ECF No. 14-1 at 14.

Although some courts have dismissed the defendant's counterclaims when it concluded

they were redundant, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt it will be rendered moot by the adjudication of the main action." *Constan Gervais St. Car Wash, Inc. v. Auto-Owners Ins.*, 793 F. Supp. 3d 732, 742 (D.S.C. 2025).

The Court is not persuaded JCS's declaratory action claim will be moot after a decision is made on West Bend's claims, and JCS is surely entitled to have the Court declare whether its interpretation of the Policies is correct. Moreover, the Court is unconvinced JCS' declaratory judgment counterclaim is redundant to West Bend's claim. As noted earlier, there is the contention that JCS has already been deprived of the benefits due under the Policies because West Bend has failed to respond and/or refused to defend and indemnify JCS, which is at odds with West Bend's Complaint. *Compare ECF* No. 12 ¶ 139 *with* ECF No. 1. Accordingly, West Bend's Motion as to that claim is DENIED.

**VII. Request for Attorneys' Fees; Treble Damages, and Punitive Damages**

West Bend lastly argues that JCS is not entitled to some of its requested remedies, namely attorney fees under its declaratory judgment claim, treble damages under its SCUTPA claim, and punitive damages under its tort claims.

a. <u>Attorney Fees</u>

West Bend argues that Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 are procedural and remedial provisions governing declaratory judgment practice and neither creates an independent entitlement to recover attorneys' fees. ECF No. 14-1 at 15. However, West Bend's argument misses the mark. In *Hegler v. Gulf Insurance Co.*, 243 S.E. 2d. 443, 444 (S.C. 1978), the South Carolina Supreme Court held that attorney's fees were recoverable by an insured who prevailed in a declaratory judgment action brought by an insurance company.

The court found the insured's legal fees "in successfully asserting his rights against [the insurance company's] attempt in the declaratory judgment action to avoid its obligation to defend, were damages arising directly as a result of the breach of the contract." *Id.*

In *Security Insurance Company of Hartford v. Campbell Schneider & Associates*, 481 F. Supp. 2d 496, 501 (D.S.C. 2007), another court found *Hegler* was applicable in a federal diversity action seeking a declaration as to the duty to defend, regardless of the fact that the insurer's action was brought under the federal Declaratory Judgment Act. And "because *Hegler* is the Supreme Court of South Carolina's interpretation of South Carolina law, this court is therefore bound to apply its holding." *Id.*; *see also World Ins. v. Hartford Mut. Ins.*, 602 F. Supp. 36, 37 (D. Md. 1985), *af'd in part, rev'd in part* 784 F.2d 558 (4th Cir. 1986) (awarding attorney's fees to a plaintiff and noting that "[i]n a declaratory judgment action, the reasonable sum of attorney's fees and costs incurred in the filing and prosecution of the declaratory judgment action may be recovered, in the discretion of the court, if such recovery would be available under state law").

Accordingly, JCS may be entitled to attorney fees if it is the prevailing party. *Iqbal*, 556 U.S. at 679 ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must state only 'a plausible claim for relief.'"). Because the Court finds that JCS may be entitled to attorney fees pursuant to 28 U.S.C. § 2201 and South Carolina substantive law, the Court does not address West Bend's argument that 42 U.S.C. § 1113, the Health Care Quality Improvement Act, does not provide a basis for attorney fees in this action. As such, West Bend's Motion as to attorney fees is DENIED.

b. <u>Treble Damages</u>

West Bend contends that because JCS's SCUTPA fails, the treble damages demanded necessarily fails. ECF No. 14-1 at 15. This Court reaches the same conclusion. Because JCS's

SCUTPA claim is dismissed, it is not entitled to treble damages under SCUTPA.

c. Punitive Damages

West Bend finally argues that punitive damages are not recoverable for a "bare breach of contract" and "require a viable tort supported by well-pleaded facts" showing willful, wanton, or reckless conduct. ECF No. 14-1 at 16. West Bend avers JCS's tort counterclaims fail under Rule 12(b)(6) and 9(b) and thus its claim for punitive damages should be dismissed or stricken. *Id.* As noted above, however, the Court finds that JCS's tort claims all survive West Bend's 12(b)(6) challenge and therefore refuses to strike or dismiss the punitive damages pleaded. *See Howard v. State Farm Mut. Auto. Ins.*, 450 S.E.2d 582, 586 (S.C. 1994) (holding punitive damages may be available under a bad faith refusal to pay claim); *Lengel v. Tom Jenkins Realty, Inc.*, 334 S.E.2d 834, 837 (S.C. Ct. App. 1985) (holding a plaintiff can recover punitive damages in a negligent misrepresentation claim if the defendant's conduct is sufficiently egregious).

## CONCLUSION

Based on the above, West Bend's Motion to Dismiss [ECF No. 14] is **GRANTED** in part and **DENIED** in part as detailed in this Order. JCS's SCUTPA counterclaim is **DISMISSED** with prejudice.

IT IS SO ORDERED.



United States District Judge

September 25, 2026
Florence, South Carolina